UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:23-CR-0130-B |
| | § | |
| CHARLES O'HEARN | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Charles O'Hearn's Motion for Release Pending Appeal (Doc. 86). Because O'Hearn is unable to show that his arguments on appeal would likely result in "reversal" or a sentence shorter than the expected duration of the appeal process, the Court **DENIES** the Motion.

I.

BACKGROUND

O'Hearn pleaded guilty to one count of "Corruptly Endeavoring to Obstruct or Impede the Administration of Internal Revenue Laws" in violation of 26 U.S.C. § 7212(a). Doc. 52, Plea Agreement ¶ 2. At his sentencing hearing, O'Hearn objected to the loss amount used in the presentence report to arrive at a guidelines range of 24 to 30 months imprisonment. *See* Doc. 85, Hr'g Tr., 7:1–14. The Court overruled the objection, *see id.* at 48:14–17, and imposed a sentence of 27 months imprisonment. Doc. 73, J., 2. O'Hearn has not yet served any prison time, and his surrender date to begin the 27-month sentence is December 2, 2025. *Id.*

O'Hearn appealed the judgment on October 6, 2025. *See generally* Doc. 76, Notice Appeal. In his Motion for Release Pending Appeal, O'Hearn asserts that the Court's overruling of his

objection to the loss amount constitutes an "arithmetic error" for which he has not waived the right to appeal. *See* Doc. 86, Mot., 5–12. Correction of the error, according to O'Hearn, would result in a guidelines range of 18 to 24 months. *See id.* at 5.

Neither O'Hearn nor the Government in response squarely addresses how long O'Hearn's appeal is expected to take. The most recent figure of median time for resolution of appeals in the Fifth Circuit—from notice of appeal to disposition—is 8.4 months. *See* U.S. Courts of Appeals Federal Court Management Statistics, 14 (June 30, 2025), *accessible at* https://www.uscourts.gov/data-news/data-tables/2025/06/30/federal-court-management-statistics/n-a.

## II.

## LEGAL STANDARD

Under 18 U.S.C. § 3143(b), detention pending appeal is the default. The statute requires a "judicial officer [to] order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal[,] . . . be detained" unless the judicial officer finds that two requirements are met. § 3143(b)(1).

To order release, the judicial officer must first find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." § 3143(b)(1)(A). Second, the judicial officer must find "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." § 3143(b)(1)(B).

If the judicial officer makes both findings, the defendant must be released at that time or—

where the question on appeal would only reduce prison time—at the expiration of the likely reduced sentence. § 3143(b)(1).

## III.

## ANALYSIS

Even assuming that the § 3143(b)(1)(A) requirement is met and that the appeal is not for the purposes of delay and raises a substantial question, O'Hearn's argument on appeal cannot result in any of the four outcomes listed in § 3143(b)(1)(B)(i)–(iv). O'Hearn does not suggest that the appeal could result in an order for a new trial or a sentence that does not include a term of imprisonment. *See* § 3143(b)(1)(B)(ii)–(iii). O'Hearn's argument for release pending appeal therefore depends on whether the appeal would result in either (1) a "reversal" within the meaning of the statute or (2) a sentence of imprisonment that is shorter than the expected time of appeal. *See* § 3143(b)(1)(B)(i),(iv). Neither result is likely even if O'Hearn prevails on appeal.

First, O'Hearn's appeal cannot result in "reversal" within the meaning of the statute. O'Hearn implies that "reversal" in § 3143(b)(1)(B)(i) includes reversal of a sentence for incorrect application of the sentencing guidelines. *See* Doc. 86, Mot., 10, 12. The Government responds that O'Hearn cannot show a likelihood of reversal because he is not challenging his conviction. *See* Doc. 89, Resp., 8. The Court agrees with the Government's reading of the statute: "reversal" in § 3143(b)(1)(B)(i) refers to reversal of a conviction, not simply reversal of an imposed sentence with instructions to resentence on remand. If "reversal" in § 3143(b)(1)(B)(i) meant what O'Hearn implies, it would render superfluous the references to eliminated and reduced sentences in § 3143(b)(1)(B)(iii) and (iv). *See United States v. Sanchez-Villalobos*, 412 F.3d 572, 576 (5th Cir. 2005)

("It is a basic rule of statutory construction that one provision of a statute should not be interpreted in a manner that renders other sections of the same statute inconsistent, meaningless or superfluous." (citation modified)), *abrogated on other grounds by Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). Because O'Hearn's argument on appeal does not challenge his conviction, he cannot show a likelihood of "reversal" under § 3143(b)(1)(B)(i) and is not eligible for immediate release pending appeal.

The second asserted route to release—that O'Hearn's appeal would result in a reduced sentence—is likewise unavailing. For release under § 3143(b)(1)(B)(iv), the likely reduced sentence must be less than time already served plus the expected duration of appeal. If O'Hearn were to prevail on appeal, he asserts that the resulting guidelines range would be 18 to 24 months. *See* Doc. 86, Mot., 5. O'Hearn has not yet served any time, so the only duration to which the likely reduced sentence must be compared is the expected duration of the appeal process. O'Hearn has presented no evidence that this appeal would take substantially longer than the median of 8.4 months from notice of appeal to final disposition in the Fifth Circuit. Moreover, O'Hearn's notice of appeal was filed about two months prior to when his sentence is set to begin, so the expected wait time for an answer from the Fifth Circuit after O'Hearn's surrender date might be closer to six months. In any event, O'Hearn has not argued that his appeal could result in a sentence that is short enough to even approach the expected time for appeal. Thus, § 3143(b)(1)(B)(iv) is not satisfied.

The Court expresses no opinion on whether O'Hearn is likely to flee or pose a danger or on whether his appeal is brought for the purpose of delay and raises a substantial question. If it becomes apparent later that the appeal process is not expected to resolve before the termination of a sentence in the range O'Hearn asserts would be correct, O'Hearn may bring a new motion for release.

## IV.

## CONCLUSION

Because O'Hearn's arguments on appeal cannot result in "reversal" or a reduced sentence that would be shorter than the expected duration of appeal, O'Hearn is not entitled to release pending appeal. The Court therefore **DENIES** the Motion.

**SO ORDERED**.

**SIGNED: November 19, 2025**.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE